**IN THE COURT OF APPEALS OF IOWA**

No. 19-1011
Filed August 21, 2019

**IN THE INTEREST OF B.M., K.M., and R.M.,**
**Minor Children,**

**B.M., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.

        A father appeals the termination of his parental rights to his children.

**AFFIRMED.**

        Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines,

for appellant father.

        Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant

Attorney General, for appellee State.

        Brent Pattison of Drake Legal Clinic, Des Moines, guardian ad litem for

minor children.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

The three children at issue came to the attention of the juvenile court because of concerns about domestic violence and substance abuse in the home. The juvenile court removed the children from the home in January 2018 and adjudicated them to be children in need of assistance the next month. Because the parents did not make reasonable effort to resume custody of the children in the year that followed, the State petitioned to terminate both the mother's and the father's parental rights. In May 2019, the juvenile court entered its order terminating both parents' rights under Iowa Code section 232.116(1)(e), (f), and (h) (2019).

The father appeals the termination of his parental rights.[1] Chapter 232 provides a three-step analysis for terminating parental rights. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

> First, the court must determine if a ground for termination under section 232.116(1) has been established. If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights. Third, if the statutory best-interest framework supports termination of parental rights, the court must consider if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights.

*Id.* at 706-07 (internal citations omitted). We need not review any step of the three-step analysis the juvenile court must make in terminating a parent's parental rights

---

[1] The mother also appealed the termination of her parental rights, but our supreme court dismissed her appeal when she filed her petition on appeal more than fifteen days after filing her notice of the appeal. *See* Iowa R. App. P. 6.201(1)(b) ("A petition on appeal must be filed with the clerk of the supreme court within 15 days after the filing of the notice of appeal . . . .").

if the step was not challenged by the parent on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The father does not dispute that the State proved the grounds for terminating his parental rights. Instead, he challenges the second step of the termination analysis, arguing termination is not in the children's best interests. He claims that terminating his parental rights goes against the children's best interests because of the "substantial bond" he has with the children.[2]

We review the decision to terminate parental rights de novo. *See A*.S., 906 N.W.2d at 472. Although the factual findings of the juvenile court are not binding, we do give them weight, especially in assessing witness credibility. *See id.* In making the "best interests" determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

In addressing the children's best interests, the juvenile court noted the parents' failure to engage meaningfully with the "extensive" services offered by the

---

[2] Although the father makes no separate argument for the third step of the analysis, we note that Iowa Code section 232.116(3)(c) provides an exception to the termination statute if the court finds "clear and convincing evidence that the termination would be detrimental to the child due to the closeness of the parent-child relationship." The burden of proving this exception lies with the parent resisting termination. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). Because the decision to apply the exception is discretionary, based on the unique circumstances of the case and the child's best interests, s*ee id.* at 475, we reach the same result if we analyze the father's argument under section 232.116(2) or (3).

State and that they "made no progress towards becoming safe and sober parents who can meet these children's needs." It further found no evidence to support a finding that terminating parental rights would be detrimental because of the closeness of the parent-child relationship. Rather, the court observed that "the evidence from the children's therapist would contradict any such claim."

On our de novo review of the record, we agree that termination is in the children's best interests. The children's therapist testified at length about the effect the parents' domestic abuse and substance abuse has had on each child. She explained the needs of each child and the risks that each would face if returned to the parents' care. She also expressed concern about how little contact she had with the parents during the case, noting that the father had never contacted her. As for the need for permanency, the therapist testified that because of the developmental delays experienced by R.M. and K.M., "[p]ermanency and care from a caregiver who understands their needs is crucial." She testified that the lack of permanency in B.M.'s life has created a distrust of others and a feeling of powerlessness, "like no matter what we do, we can't kind of be together." She testified that permanency is important to B.M. because "he's at such a crucial point of being able to resolve his trauma and not have that lead to longer term or conduct-related issues and for him to have that permanency and structure in a home is essential."

We also find the evidence does not support the father's claim that termination goes against the children's best interests because of his substantial bond with the children. The father does not contest the juvenile court's finding that he failed to maintain significant and meaningful contact with the children in the six

months before termination as required to terminate his parental rights under section 232.116(1)(e).  The father notes that B.M., who was twelve at the time of the termination hearing, opposed the termination of the father's parental rights.  But the therapist testified that B.M. "really struggles with understanding what role Mom and Dad had in the reasons why he's currently in foster care and has significant anger and blame towards many other individuals, especially the department, based on that lack of accountability or responsibility being taken by parents."  She also testified that she believed the children were capable of healing from any additional trauma caused by terminating parental rights.

Clear and convincing evidence shows terminating the father's parental rights is in the children's best interests.  As a result, we affirm.

**AFFIRMED.**